HART, Respondent, v. BUCK, Appellant. (Supreme Court, General Term, Fourth Department. September, 1894.) Action by James P. Hart against Montrose B. Buck. No opinion. Order affirmed, with $10 costs and disbursements.

HART, Respondent, v. DELAWARE, L. & W. R. CO., Appellant. (Supreme Court, General Term, First Department. January 18, 1895.) Action by Charles E. Hart against the Delaware, Lackawanna & Western Railroad Company. W. Edwards, for appellant. John H. Kitchen, for respondent.

VAN BRUNT, P. J. Although I adhere to the opinion which I have expressed upon the previous appeals in this case (22 N. Y. Supp. 3; 27 N. Y. Supp. 767), that the evidence failed to disclose any negligence upon the part of the defendant justifying a recovery in this action, my associates having differed from me upon this question, this judgment must be affirmed. There does not seem to be any such difference in the presentation of the question of negligence upon this appeal as would call for a different ruling from that which obtained upon the previous appeals. The judgment and order appealed from must therefore be affirmed, with costs.

HAWES v. WHITEMAN. (Common Pleas of New York City and County, General Term. January 7, 1895.) Appeal from First district court. Action by Herbert E. Hawes against Abram V. Whiteman. Fernando Solinger, for appellant. Walter D. Edmunds, for respondent.

PER CURIAM. No sufficient reason appears for reversing this judgment. The plaintiff testified positively that he had made three coils per minute—the number the contract called for—upon the machine before it was delivered. On the other hand, the defendant's witness Washburn testified that he could make only about one per minute. The plaintiff claims he was not a competent workman, and had not operated the machine long enough to acquire dexterity and speed, which seems reasonable, as it is conceded that only 720 coils were made in all, which would be only about 12 hours' work at the rate of one coil per minute. This fact also reflects upon the credibility of Washburn, who testified that he "worked at it steadily all day for two or three weeks." Besides, it is undisputed that, owing to Washburn's inability to see clearly the progress of the wire in the machine, and to check the revolution at the proper point, an automatic stop was put on, which necessitated a reversal each time a coil was made, and thereby increased the time required. It is to be inferred that this same contrivance was still upon the machine when Lauer made his trial, although there is no direct evidence upon the point. Judgment affirmed, with costs.

HEIMERDINGER v. FINELITE. (City Court of New York, General Term. January 12, 1895.) Action by Morris Heimerdinger against Jacob Finelite. Morris Goodhart, for appellant. Otto Horwitz, for respondent.

EHRLICH, C. J. The defendant, who was sued as indorser of a promissory note, pleaded that at the time of the indorsement he was of unsound mind, and incapable of understanding the nature of his act, or yielding a free assent thereto. The proofs showed that prior to the indorsement the defendant had met with an accident, but they fell far short of establishing that he was non compos mentis. Indeed, they were so slight that a verdict in favor of the defendant on his plea would have to be set aside as against the evidence; and, in such a case, the consensus of authority is that the trial judge may direct the only verdict the proofs admit of, which, in this instance, was that directed in favor of the plaintiff. There was no error in excluding evidence, and nothing in the case which requires a new trial. The judgment must therefore be affirmed, with costs. FITZSIMONS, J., concurs. CONLAN, J., dissents.

HENRY v. AGOSTINI et al. (City Court of New York, General Term. December 17, 1894.) Action by Ralph Henry against Joseph Agostini, Robert Tailer, and William H. Tailer. Henry L. Burnett, for appellant. Stewart & Macklin, for respondents.

CONLAN, J. The specific questions of fact found by the learned judge who tried this case were warranted by the evidence, and his conclusions of law naturally follow. No errors of law were committed on the trial, and the judgment appealed from must be affirmed, with costs.

HERSBERGER, Respondent, v. BARTON et al., Appellants. (Supreme Court, General Term, Fifth Department. December 27, 1894.) Action by William R. Hersberger against Rowland L. Barton and others. No opinion. Order appealed from affirmed, with $10 costs and disbursements.

HIBBARD, Respondent, v. COMMERCIAL ALLIANCE LIFE INS. CO. OF NEW YORK, Appellant. (Superior Court of New York City, General Term. January 7, 1895.) Action by Charles M. Hibbard against the Commercial Alliance Life Insurance Company of New York. George Wilcox, for appellant. Lucius McAdam, for respondent.

PER CURIAM. From a careful examination of the testimony taken in this case as it appears in the appeal book before us, we are of the opinion that the findings of fact made by the learned referee, upon which the judgment is based, are fully supported by competent and sufficient evidence. We see no reason for disturbing these findings. The exceptions to the admission and exclusion of evidence are without merit. The decision proceeds upon correct rules of law applicable to the case. The judgment appealed from is right, and should be affirmed, with costs to the plaintiff.